Judge Garaufis, N.G., EDNY
U.S. Courthouse
225 Cadman Plaza E., Rm. 1426S
Bk., N.Y. 11201



PLAINTIFF PETITIONS LEAVE TO FILE in EDNY submission below by

your signing here.

RECEIVED
JAN 2 2 2013
PRO SE OFFICE

# JURY TRIAL DEMANDED

GARAUFIS, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

Peter J. Malley
31 Maple Pl.
Clifton, N.J. 07011

       Plaintiff,

1. New York City Board of Education
   65 Court St., Rm. 814
   Brooklyn, N.Y. 11201

2. City of New York
   N.Y.C. Law Dept.
   100 Church St., 4th Fl.
   New York, N.Y. 10007

3. Corporation Counsel of the
    City of New York
   N.Y.C. Law Dept.
   100 Church St., 4th Fl.
   New York, N.Y. 10007

       Defendants.

------------------------------------X

COMPLAINT ROUND 22

AMENDED WITH LATER
CAUSES OF ACTIONS
AMONG 21 PRIOR ROUNDS

1. This is 42 U.S.C. § 1983 civil rights case only cause of action

U.S. Const., 14th Amend., Sec1. due process and equal protection of

law demanding at least seven digits dollars damages.

# 1/53

— 1 —

2. Nine prior filed complaints 1st, 2nd, and 4th-10th (includes unfiled 3rd complaint) never opposed in any dismissal motion memorandum and not found cause of action against New York City Board of Education, City of New York, and Corporation Counsel of the City of New York pre 3/18/87 termination EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males teachers and supervisors 1st prior claimed in 10/4/94 filed 94 Civ. 7186 (JFK) complaint before Judge John F. Keenan, SDNY where not found beyond equitably tolled statutes of limitations for civil rights case, res judicata barred by decision on same cause of action in any specific prior filed complaint, or improper in any other manner (usually case precedential law) where beginning at 2nd filed allowed repetitive filings "same core allegations" in federal district courts of jurisdictions for no final judgement on merits for untimely or res judicata barred and/or wrongful dismissals "based on his dismissal by the Board of Education [3/18/87 personal injury diversity case (opposing parties in different jurisdictions) cause of action 1st fraud from 11/26/94 dismissal motion memorandum p.6 top for 10/4/94 complaint before Judge Keenan, SDNY] and/or denial of application to have his teaching license reinstated [3/20/90 personal injury diversity case cause of action 2nd fraud and its Chancellor as 3rd fraud from same]" avoiding 2nd Cir. upon appeal allowing to stand illegal statutes of limitations and/or res judicata dismissal by federal district court.

3. U.S. Supreme Ct. equitably tolling begins counting analogous state law statutes of limitations (N.Y.S. 3yr.) not from instance

2/53

of violation but from knowledge or reasonable basis of knowledge of civil rights violation.

4. "Except where fraud or want of jurisdiction is charged, the recitals of a judgement import absolute verity and a court called upon to determine its character upon a plea or res judicata looks only to the face of the judgement and the pleadings on which it is rendered." Mattews v. Wolvin, C.A. Fla. 1959, 226 F.2d 722.

5. Court must accept factual allegations stated in complaint as true. See Cooper c. Pate, 378 U.S. 564 (1964) where EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males must be accepted as true but not three 11/26/94 frauds of opposing counsel.

6. Plaintiff alleges decades of secrecy of employer's conduct is extraordinary. Judge Weinfeld held in Bryan v. Chemical Bank, 665 F.Supp. 332, 325 (S.D.N.Y. 1987), the doctrine of equitably tolling "applies only where as employer's conduct is 'extraordinary'" (Citing and quoting Miller v. Internationsl Telephone and Telegraph Corp., 775 F.2d 20, 24 (2d Cir.) cert. denied, 474 U.S. 841 (1985). Plaintiff alleges conduct on part or employer of decades of secrecy specifically intended to mislead him as to the existence of a cause of action or which had the implementation of making it "impossible for a reasonably prudent person to learn that his discharge was discriminatory." Plaintiff must allege conduct on the part of his employer specifically intended to mislead him as to the existence of a cause of action, Bryan at 325, or which had the implementation of making it "impossible for a reasonably prudent person to learn that his discharge was discriminatory." Miller at 24, Plaintiff alleges decades of secrecy shows employer acted deliberately and

3/53

with unmistakable understanding that his conduct would cause the employee to delay filing his charge. See also Cook v. Pan American World Airways, Inc., 771 F.2d 635, 646-47 (2d Cir. 1985) (employer not estopped from asserting time-barred defense in absence of showing that employer acted deliberately and with unmistakable understanding that his conduct would cause the employee to delay filing his charge.).

## CASE PRECEDENTIAL AND STATUTORY INJUNCTION LAW

7. (1) "district court did not provide litigant with opportunity to be heard on the matter" Brow v. Farrelly, C.A.3(Virgin Islands) 1983, 994 F.2d 1027; (2) "litigant was not given opportunity to oppose entry of so broad an order placing restrictions on Court access" Cok v. Family Court of Rhode Isalnd, C.A.1(R.I.)1983, 985 F.2d 32; (3) "plaintiff enjoined from filing further complaints or pleadings without leave of court was entitled to notice and opportunity to oppose such order before it was instituted." Tripati v. Beauman, C.A.10(Wyo.)1989, 878 F.2d 351; (4) "order should not have been entered without giving notice and opportunity to be heard." Matter of Hartford Textile Corp., C.A.2(N.Y.)1979, 613 F.2d 388; and (5) "Enjoining order against litigant...must give...litigant adequate notice to oppose order before entry" Cello-Whitney v. Hoover, W.D. Wash.1991, 769 F.Supp. 1155.

8. All Writs Act permits court to enjoin repetitive and vexatious litigation only after it has reached judgement on merits. Cook v. Peter Kiewit Sons Co., C.A.9(Cal.)1985, 775 F.2d 1030, certiorari denied 106 S.Ct. 2919, 476 U.S. 1183, 91 L.Ed.2d 547, rehearing denied 107 S.Ct. 12, 478 U.S. 1031, 91 L.Ed.2d 757.

**4/53**

9. (1) "...injunction...should be narrowly drawn to fit specific vice encountered." <u>Castro v. U.S.</u>, C.A.1(Puerto Rico)1985, 775 F.2d 399; (2) "did not narrowly tailor order to meet circumstances of case." <u>Brow v. Farrelly</u>, C.A.3(Virgin Islands)1983, 994 F.2d 1027: and (3) "enjoining order against litigant...must...be narrowly tailored to remedy only litigant's particular abuses." <u>Cello-Whitney v. Hoover</u>, W.D.Wash.1991, 769 F.Supp. 1155.

10. "All Writs Act" 28 U.S.C. § 1651(a) "agreeable to usages and principles of law".

## 1ST 7/21/95 INJUNCTION IN SDNY

11. First filed 10/4/94 <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination against males complaint 94 Civ. 7186 (JFK) before Judge John F. Keenan, SDNY 7/21/95 dismissed as <u>three 11/26/94 frauds</u> of opposing counsel and <u>1st injunction 94 Civ. 7186 (JFK) enjoined 7/21/95 by Judge Keenan, SDNY Plaintiff may not file future actions in SDNY without first obtaining permission of Judge of SDNY</u> violated (1) no notice or opportunity to oppose order, Cit.s para. 7 above; (2) without judgements on merits for <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination against males, Cit. para. 8 above; (3) issued upon and beyond "specific vice[s] encountered" <u>three 11/26/94 frauds</u>, Cit. para. 9 above; and (4) "agreeable to usages and principles of law", Cit. statute para. 10 above.

## 2ND FILED <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 EMPLOYMENT SEX DISCRIMINATION AGAINST MALES

12. Judge John J. Sterling, EDNY rendered no final judgement on merits in his 11/18/96 dismissal <u>ORDER</u> for plaintiff's 10/31/96

filed 96 CV 5344 (JJS) complaint not enjoined in EDNY by 7/21/95

1st injunction for SDNY for 2nd prior filed EARLY JUNE '94 EQUITABLY

TOLLED 12/21/85 employment sex discrimination against males not

found by Judge Keenan, SDNY untimely or res judicata barred by

decision on same cause of action in any specific prior filed

complaint and wrongful dismissal 7/21/95 based on three 11/26/94

frauds whereupon Judge Sterling, EDNY admitted "The plaintiff filed a

complaint [EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex]

discrimination [against males]...The issue arising from the facts

set forth in this complaint have been fully adjudicated in the

Southern District...therefore barred by the doctrine of res judicata

..." where Judge Keenan, SDNY 7/21/95 adjudicated only three 11/26/94

frauds of opposing counsel.

### UNFILED 3RD CLAIMED EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 EMPLOYMENT SEX DISCRIMINATION AGAINST MALES

13. Chief Judge Thomas P. Griesa, SDNY 6/4/97 denied plaintiff's

2/27/97 petition for leave to file in SDNY EARLY JUNE '94 EQUITABLY

TOLLED 12/21/85 employment sex discrimination against males 3rd

claimed complaint upon his own authored cause of action "...judges

did adopt the government's [opposing counsel's] language [three

11/26/94 frauds], this would not give rise to a cognizable claim."

### 9/10/97 2ND INJUNCTION FOR ALL FEDERAL DISTRICT COURTS

14. Judge Keenan, SDNY in 9/10/97 MEMORANDUM OPINION and ORDER

narrowed his 7/21/95 1st injunction for "future actions in SDNY" to

three 11/26/94 frauds of opposing counsel causes of actions

complaints and extended to all federal district courts "Plaintiff

is hereby prohibited from filing any further complaints in any

**6/53**

federal district court based on his dismissal by the Board of
Education [3/18/87 personal injury diversity case cause of action
1st fraud from 11/26/94 dismissal motion memorandum p.6 top for
10/4/94 complaint before Judge Keenan, SDNY] and/or the denial of
his application to have his teaching license reinstated [3/20/90
personal injury diversity case cause of action 2nd fraud and its
Chancellor as defendant 3rd fraud from same] without first
obtaining leave of a judge of the court in which he seeks to file
such complaint. It is further ordered that Plaintiff attach a copy
of this order to any pleading filed" violated (1) "order should not
have been entered without giving notice and opportunity to be
heard.", Cit. para. 7 above, where notice but no opportunity to be
heard where Judge Keenan, SDNY 9/10/97 wrote "Only Defendant
submitted papers in response" and where 94-CV-7186 Docket sheet as
of September 18, 1997 "6/23/97 32 OPPOSITION by Peter J. Malley to
re: injunction extension to all Federal CT.s, pursuant to 4/27/97
order of this Court [Judge Keenan, SDNY]..."; (2) "All Writs Act
permits court to enjoin repetitive and vexatious litigation only
after it has reached judgement on merits." Cit. para. 8 above, where
unopposed and without final judgement on merits for EARLY JUNE '94
EQUITABLY TOLLED 12/21/85 employment sex discrimination aginst males
complaints 10/4/94 1st filed 94 Civ. 7186 (JFK) before Judge Keenan,
SDNY and 10/31/96 2nd filed 96 CV 5344 (JJS) before Judge Sterling
EDNY as well as final judgement for any cause of action in any other
federal district court; and (3) "All Writs Act" 28 U.S.C. § 1651(a)
"agreeable to usages and principles of law" Cit. para. 10 above but
conformed to (4) "...injunction...should be narrowly drawn to fit
specific vice[s] encountered." Cit. para. 9 above, where issued for

**7/53**

"specific vice[s] encountered" <u>three 11/26/94 frauds</u>.

15. Judge Keenan, SDNY's 9/10/97 2nd injunction for <u>three 11/26/94 frauds</u> causes of actions complaints for all federal district courts not enjoined 3rd-9th filed <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination against males complaints by <u>1st</u> not matching, <u>2nd</u> 12/21/85 instance of violation predating, and <u>3rd</u> 12/21/85 could not arose from later <u>1st 11/26/94 fraud</u> 3/18/87 instance of violation or from later <u>2nd and 3rd 11/26/94 frauds</u> 3/20/90 instance of violation.

6/26/02 3RD INJUNCTION FOR ALL ACTIONS
IN ALL FEDERAL DISTRICT COURTS

16. Judge Victor Marrero, SDNY in 6/26/02 ORDER p.9 wrote "ORDERED that this court's bar order issued on September 15 [10 dated], 1997 in connection with <u>Malley v. N.Y. City Bd. Of Educ. No. 94 Civ. 7186</u>, [['Plaintiff is hereby prohibited from filing any further complaints in any federal court based on his dismissal by the Board of Education [3/18/87 personal injury diversity case cause of action <u>1st fraud</u> from 11/26/94 dismissal motion memorandum p.6 top for 10/4/94 complaint before Judge Keenan, SDNY] and/or the denial of his application to have his teaching license reinstated [3/20/90 personal injury diversity case cause of action <u>2nd fraud</u> <u>and its</u> Chancellor as defendant <u>3rd fraud</u> from same] without first obtaining leave of a Judge of the court in which he seeks to file such complaint. It is further ordered that plaintiff attach a copy of this Order to any pleading filed, or attempted to be filed, in a civil action in any federal court. Failure to comply with this Order may result in the summary dismissal of plaintiff's lawsuit.']]. in extended to prohibit Malley from filing any further complaints

8/53

in any federal court pertaining to his employment ['pertaining to his employment' Judge Marrero, SDNY's 6/26/02 own authored non-cause of action, not worded as cause of action alleging federal statute violated, not worded as causes of actions enjoined as preferred by 2nd Cir., never claimed by plaintiff as cause of action, and 6/26/02 not litigated untimely, res judicata barred, or improper in any other manner umbrella to indirectly cover and conceal existence already coveredup by no direct enjoining EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males in SDNY and EDNY] with or subsequent termination [1st 11/26/94 fraud], as well as any other action [for all actions in all federal district courts], unless such filing complies with the provisions of this Order...[p.7]...The Clerk of Court is directed to refuse any action filed by Malley in any federal court [Illegal on face where Clerk of Court may not be directed to refuse any complaint with leave from judge of court of jurisdiction.] unless such filing is accompanied by an affirmation, attested under penalty of perjury, setting forth succinctly ['succinctly' impossible of intracacies] (1) the facts gave rise to the action, (2) an attestation case does not relate to his prior employment ['relate to his prior employment' Judge Marrero, SDNY's 6/26/02 own authored non-cause of action, not worded as cause of action alleging federal statute violated, not worded as causes of actions enjoined as preferred by 2nd Cir., never claimed by plaintiff as cause of action, and 6/26/02 not litigated untimely, res judicata barred, on improper in any other manner umbrella to indirectly cover and conceal existence already coveredup by no direct enjoining EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males in SDNY and EDNY] or termination by

9/53                              - 9 -

the Board [1st 11/26/94 fraud] which he has been enjoined from further litigation [Still no due processed litigation for EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males ten prior claimed (nine filed, 3rd unfiled) prior to Judge Marrero, SDNY's 6/26/02 injunction for all actions in all federal district courts.], (3) a petition for leave to file an action for approval by assigned judge [judge of court of jurisdiction], and (4) a copy of this Order and of Judge Keenan's Order of September 15 [10] dated], 1997." where 3rd injunction 02 CV 4199 (VM) enjoined 6/26/02 by Judge Marrero, SDNY for all actions in all federal district courts without leave of Judge of such court 6/26/02 violated (1) "order should not have been entered without giving notice and opportunity to be heard.", Cit. para. 7 above, (2) "All Writs Act permits court to enjoin repetitive and vexatious litigation only after it has reached judgement in merits.", Cit. para. 8 above where no final judgement on merits for two still open civil rights causes of actions EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males and "[u]nconstitutional deprivation..." thereof, (3) "...injunction...should be narrowly drawn to fit specific vice[s] encountered.", Cit. para. 9 above where 6/26/02 3rd injunction for all actions in all federal district courts for 12/21/85 employment sex discrimination against males 9th filed 6/4/02 complaint wherein Judge Marrero, SDNY "specific vice[s] encountered" being three 11/26/94 frauds where already 9/10/97 2nd injunction enjoined these three frauds needing no extension, and (4) "All Writs Act" 28 U.S.C. § 1651(a) "agreeable to usages and principles of law" not to infringe on plaintiff's clear legal right two refile two still open civil rights causes of actions EARLY JUNE

'94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against
males nine prior filed complaints and "[u]nconstitutional
deprivation..." thereof one prior filed complaint "same case
allegations" in federal district courts of jurisdictions for no
final judgement on merits untimely or res judicata barred and
wrongful dismissals of such based on fraud(s) among three 11/26/94
frauds.

### 6/26/02 ORDER P.4 HEREIN

17. Judge Marrero, SDNY's 6/26/02 ORDER p.4 herein '"...Malley
attempts to circumvent the Order barring him from filing any action
"based on his dismissal by the Board of Education [3/18/87 personal
injury diversity case cause of action 1st fraud from 11/26/94
dismissal motion memorandum p.6 top for 10/4/94 complaint before
Judge Keenan, SDNY] and/or the denial of his application to have his
teaching license reinstated [3/20/90 personal injury diversity case
cause of action 2nd fraud and its Chancellor as defendant 3rd fraud
from same.]"'" as well as below on same page Judge Marrero, SDNY
wrote '"Malley alleges that the permission from the Court before
filing this action was not necessary because he is alleging that
[EARLY JUNE '94 EQUITABLY TOLLED] the [sex] discrimination [against
males] occurred on December 21, 1985, a year prior to his termination
[3/18/87], However, the complaint is just another thinly veiled
attempt to reargue claims pertaining to "his dismissal by the Board
of Education [3/18/87 personal injury diversity case cause of action
1st fraud from 11/26/94 dismissal motion memorandum p.6 top for
10/4/94 complaint before Judge Keenan, SDNY] and/or the denial of his
application to have his teaching license reinstated [3/20/90

**11/53**          - 11 -

personal injury diversity case cause of action 2nd fraud and its
Chancellor as defendant 3rd fraud from same]."'" where EARLY JUNE
'94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against
males six filed 4th-9th complaints not enjoined by Judge Keenan,
SDNY's 9/10/97 2nd injunction by 1st not matching, 2nd 12/21/85
predating, and 3rd 12/21/85 could not arose from later 1st 11/26/94
fraud 3/18/87 instance of violation or 2nd and 3rd 11/26/94 frauds
3/20/90 instance of violations and where plaintiff exercised his
clear legal right repetitive filing EARLY JUNE '94 EQUITABLY TOLLED
12/21/85 employment sex discrimination against males "same core
allegations" in SDNY and EDNY courts of jurisdictions for no prior
final judgement for untimely or res judicata barred and wrongful
dismissals based on three 11/26/94 frauds of opposing counsel
avoiding 2nd Cir. upon appeal allowing to stand illegal statutes of
limitations and/or illegal res judicata dismissal by federal
district court.

   18. Judge Marrero, SDNY's 6/26/02 3rd injunction for all actions
in all federal district courts issued upon and beyond "specific
vice[s] encountered" three 11/26/94 frauds of opposing counsel
without giving plaintiff notice or opportunity to oppose 3rd
injunction before entry by no order to show cause why injunction
should not be imposed.

   19. Judge Marrero, SDNY's 6/26/02 3rd injunction imposed upon SDNY
and EDNY judges non-discretionsl judicial duty by law to grant leave
by signing petitions for leaves to file and return to plaintiff for
6/26/02 undecided EARLY JUNE '94 EQUITABLY TOLLED 12/21/84 employment
sex discrimination against males for legal dismissal or trial in
filed complaint.

**12/53**

AFFIRMATION

20. Plaintiff affirms, attested under penalty of perjury, 6/26/02
p.7 (1), (3), and (4) inside this document but (2) in this para.
that EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex
discrimination against males not relating to Judge Marrero, SDNY's
6/26/02 own authored "to his prior employment, non-cause of action,
alleging federal statute violated, not worded as causes of actions
enjoined as preferred by 2nd Cir., never claimed by plaintiff as
cause of action, and 6/26/02 not litigated untimely, res judicata
barred, or improper in any other manner umbrella to indirectly cover
and conceal existence already coveredup by no direct enjoining nine
prior filed EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex
discrimination against males among SDNY and EDNY complaints or one
prior filed "[u]nconstitutional deprivation..." thereof SDNY
complaint where all these ten without final judgements on merits and
not relating to Judge Marrero, SDNY's 6/26/02 "with or termination by
the Board [3/18/87 personal injury diversity case cause of action
1st fraud from 11/26/94 dismissal motion memorandum p.6 top for
10/4/94 complaint before Judge Keenan, SDNY]."

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

PETER J. MALLEY,

                    Plaintiff,

        -against-

NEW YORK CITY BOARD OF EDUCATION;
CITY OF NEW YORK,

                 Defendants.
------------------------------------X

94 Civ. 7186 (JFK)
<u>MEMORANDUM
OPINION and ORDER</u>

79271

**FILED**
SEP 15 199?
S. D. OF N.

JOHN F. KEENAN, United States District Judge:

      By Opinion and Order dated July 21, 1995, the Court granted Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's complaint in its entirety on statute of limitations and <u>res judicata</u> grounds. Noting that Plaintiff had already filed four previous actions in this Court based on the same claims and that Chief Judge Griesa had twice warned Plaintiff against further filings based on the same core allegations, the Court also ordered Plaintiff not to file any further complaints in this Court without first obtaining permission from a judge of this Court.

      Malley appealed the injunction to the Second Circuit Court of Appeals. The Second Circuit affirmed the injunction by Order dated April 23, 1997 and remanded the matter for this Court's consideration of an order extending the injunction to <u>all</u> federal courts. The Court then directed submissions from the parties addressing the proposed extension of the injunction. Only Defendant submitted papers in response, urging the proposed extension of the injunction to all federal courts.

      Based on Plaintiff's history of abusing the process of this and other courts by repeatedly filing actions based on the

14/53

same allegations, see Malley v. New York City Board of Educ., 94
Civ. 4557 (TPG) (S.D.N.Y. Aug. 5, 1994); Malley v. Medical Bureau,
94 Civ. 3051 (TPG) (S.D.N.Y. Apr. 26, 1994); Malley v. New York
City Board of Educ., 93 Civ. 2887 (CSH) (S.D.N.Y. Feb. 9, 1994);
Malley v. Fernandez, 91 Civ. 5635 (PKL) (S.D.N.Y. Aug. 11, 1992),
aff'd, No. 92-9035, slip op. (2d Cir. Apr. 8, 1993) (per curiam);
Malley v. N.Y.C. Board of Educ., 96 CV 5344 (SJ) (E.D.N.Y. Nov. 18,
1996); Malley v. N.Y.C. Board of Educ., 93 Civ. 5613 (HAA) (D.N.J.,
filed Dec. 20, 1993); Malley v. Medical Bureau, 93 Civ. 5612 (HAA)
(D.N.J., filed April 25, 1994), and Plaintiff not having opposed
such relief, the Court hereby extends the injunction to all federal
courts.   Plaintiff is hereby prohibited from filing any further
complaints in any federal court based on his dismissal by the Board
of Education and/or the denial of his application to have his
teaching license reinstated without first obtaining leave of a
judge of the court in which he seeks to file such complaint.  It is
further ordered that Plaintiff attach a copy of this Order to any
pleading filed, or attempted to be filed, in a civil action in any
federal court.  Failure to comply with this Order may result in the
summary dismissal of Plaintiff's lawsuit.

   SO ORDERED.

Dated:    New York, New York
          September 10 , 1997

                                    _John F. Keenan_
                                    JOHN F. KEENAN
                                    United States District Judge

# 15/53

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

------------------------------------X
PETER J. MALLEY,                    :

    Plaintiff,       :

 -against-                         :   02 Civ. 4199 (VM)

           :
NEW YORK CITY BOARD OF          :  ORDER
EDUCATION; CITY OF NEW YORK;    :
CORPORATION COUNSEL OF          :
THE CITY OF NEW YORK,           :

    Defendants.       :
------------------------------------X

VICTOR MARRERO, United States District Judge.

 Plaintiff Peter J. Malley ("Malley"), appearing pro se, commenced the present action pursuant to 42 U.S.C. § 1983, alleging employment discrimination. He seeks "damages and pre-judgement interest of at least millions of dollars." (Compl. at ¶ 1.)

BACKGROUND

 Malley is a former mathematics teacher who was terminated from his position at a New York City public high school in 1987, over fifteen years ago. He has filed fifteen cases (including the instant action) in this Court which either directly or indirectly address his termination. See, e.g., Malley v. N.Y. City Bd. of Educ., No. 94 Civ. 7186, 1995 WL 434322, at ** 1-2 (S.D.N.Y. July 24, 1995); Malley v. N.Y. City Bd. of Educ., No. 93 Civ. 2887, 1994 WL 39032 (S.D.N.Y. Feb. 9, 1994); Malley v. Fernandez, No. 91 Civ. 5635, 1992 WL 204359, at *1 (S.D.N.Y. Aug. 10, 1992). In addition, Malley

has filed three actions in the Eastern District of New York and in the District of New Jersey which also include claims regarding his termination. Malley v. N.Y. City Bd. of Educ., No. 96 Civ. 5344 (E.D.N.Y. Nov. 29, 1996); Malley v. N.Y. City Bd. of Educ., No. 93 Civ 5613 (D.N.J. Mar. 15, 1994); Malley v. Medical Bureau, No. 93 Civ 5612 (D.N.J. Apr. 26, 1994).

By Order dated April 26, 1994, the Honorable Thomas P. Griesa, warned Malley that if he continued to file complaints against New York City (the "City") and the City Board of Education (the "Board") regarding his termination, the Court may enjoin him from filing future cases without first obtaining leave of court. Malley v. Medical Bureau, No. 94 Civ. 3051 (S.D.N.Y. Apr. 26, 1994) (dismissed sua sponte). He was reminded of this warning by Judge Griesa in Malley v. N.Y. City Bd. of Educ., No. 94 Civ. 4557 (S.D.N.Y. Aug. 5, 1994). Despite these warnings, Malley filed a new action which resulted in an order by the Honorable John F. Keenan that "[p]laintiff may not file any more complaints in this Court without first obtaining the permission of a Judge of this Court." Malley v. N.Y. City Bd. of Educ., No. 94 Civ. 7186, 1995 WL 434322, at *3 (S.D.N.Y. July 24, 1995). The United States Court of Appeals for the Second Circuit approved this injunction, saw "no barrier to a broader injunction in light of the warnings previously issued to Malley," and remanded the

action to determine if the injunction should be broadened from this Court to all federal district courts.   Malley v. N.Y. City Bd. of Educ., 112 F.3d 69, 69-70 (2d Cir. 1997) (per curiam) (this action was required because "Malley has amply demonstrated that neither the lack of success of his actions nor the warnings of the district court will cause him to cease his abuse of the judicial process.").   Thereafter, Judge Keenan extended the injunction as follows:

> Plaintiff is hereby prohibited from filing any further complaints in any federal court based on his dismissal by the Board of Education and/or the denial of his application to have his teaching license reinstated without first obtaining leave of a judge of the court in which he seeks to file such complaint. It is further ordered that plaintiff attach a copy of this Order to any pleading filed, or attempted to be filed, in a civil action in any federal court. Failure to comply with this Order may result in the summary dismissal of Plaintiff's lawsuit.

Malley v. N.Y. City Bd. of Educ., No. 94 Civ. 7186, 1997 WL 570501, at *1 (S.D.N.Y. Sept. 15, 1997).   Malley was admonished for repeated failure to comply with Judge Keenan's September 15, 1997 Order and was eventually sanctioned $1,500.00 under Rule 11 of the Federal Rules of Civil Procedure.   Malley v. Corp. Counsel of the City of N.Y., No. 00 Civ. 1617 (S.D.N.Y. Mar. 21, 2000).   However, Malley continues to ignore this Court's Order by filing complaints without first obtaining leave of the Court.   See, e.g., Malley v. N.Y. City Bd. of Educ., No. 02 Civ. 3575 (VM) (S.D.N.Y. May

15, 2002); <u>Malley v. N.Y. City Bd. of Educ.</u>, No. 02 Civ. 1482 (WK) (S.D.N.Y. Apr. 5, 2002); <u>Malley v. N.Y. City Bd. of Educ.</u>, No. 00 Civ. 2947 (JFK) (S.D.N.Y. May 24, 2000).

## THE PRESENT ACTION

In this action, Malley attempts to circumvent the Order barring him from filing any action "based on his dismissal by the Board of Education and/or the denial of his application to have his teaching license reinstated in any federal district court without prior leave of court," <u>Malley v. N.Y. City Bd. of Educ.</u>, No. 94 Civ. 7186 (JFK), 1997 WL 570501, at *1 (S.D.N.Y. Sept. 15, 1997), by alleging that defendants violated his civil rights <u>prior</u> to his termination. (Compl. at 4.) Malley alleges that permission from this Court before filing this action was not necessary because he is alleging that the discrimination occurred on December 21, 1985, 4 year prior to his termination. However, the complaint is just another of Malley's thinly veiled attempts to reargue claims pertaining to his "dismissal by the Board of Education and/or the denial of his application to have his teaching license reinstated". <u>Id.</u>

In any event, even if this action were outside the parameters of this Court's injunction, the action would be dismissed as time-barred under New York law. <u>See</u> <u>Owens v. Okure</u>, 488 U.S. 235 (1989) (three-year statute of limitations

for actions under 42 U.S.C. § 1983 in New York); <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985) (statute of limitations for § 1983 actions governed by state law); New York Civil Practice Law and Rules ("CPLR") § 214 (McKinney 2000) (three-year statute of limitations for tort actions); CPLR § 213 (McKinney 2000) (six year statute of limitations for contract actions).

While ordinarily the Court would not dismiss a complaint where a defense is waivable, the facts clearly show that Malley's claims are over sixteen years old. The incidents upon which this complaint is based occurred on December 21, 1985. However, plaintiff's complaint was received by the Court's <u>Pro Se</u> Office on June 4, 2002. <u>See Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir. 1995) (a defense that appears on the face of the complaint may be the basis for a dismissal under 28 U.S.C. § 1915). Consequently, a dismissal under 28 U.S.C. § 1915 based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred well outside the applicable limitations period for either a civil rights, contract or tort claim. <u>Id.</u> at 54; <u>see also Baker v. Cuomo</u>, 58 F.3d 814, 818-19 (2d Cir. 1995) (a <u>sua sponte</u> dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations"), <u>vacated in part on other grounds</u>, 85 F.3d 919 (2d Cir. 1996).

# 20/53

Moreover, in order to sustain a claim for relief under 42 U.S.C. § 1983 against municipal defendants, such as the City and the Board and Corporation Counsel, Malley must show the existence of an officially adopted policy or custom that caused injury and a causal connection between that policy or custom and the deprivation of a constitutional right. See Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-03 (1997) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)); Sarus v. Rotundo, 831 F.2d 397, 400 (2d Cir. 1987). Even when liberally construed, Malley's complaint cannot reasonably be interpreted as alleging facts sufficient to demonstrate that Malley's injury was caused by any policy or custom of the municipal defendants. Furthermore, if Malley seeks to pursue claims against the agencies of the City, such as the Board or Corporation Counsel, these departments do not have the capacity to be sued. See Orraca v. City of New York, 897 F. Supp. 148, 152 (S.D.N.Y. 1995); N.Y. City Charter §§ 431-40. Instead, any action against such agencies must be brought against the City of New York. N.Y. City Charter § 396.

### DISCUSSION

Malley's disregard of this Court's various Orders cannot be tolerated. Accordingly, his latest action is dismissed. Furthermore, Malley is reminded that "[p]ro se status does not

**21/53**

confer the right to make frivolous motions and claims."
Glendora v. Ken, Nos. 97 Civ. 1131, 98 Civ. 421, 1999 WL
390642, at *5 (E.D.N.Y. Mar. 31, 1999). By his own conduct,
Malley has demonstrated his refusal or, perhaps inability, to
abide by this Court's prior admonitions and injunctions.
Thus, "'the Court must find additional methods to make its
message clear to plaintiff.'" Weinstein v. Hatch, No. 98 Civ.
8119, 1998 WL 851581, at *1 (S.D.N.Y. Dec. 7, 1998) (quoting
Williams v. Revlon, Co., 156 F.R.D. 39, 44 (S.D.N.Y. 1994)).

Consequently, the Court shall extend Judge Keenan's bar
order and hereby prohibit Malley from filing any further
complaints in any federal court pertaining to his employment
or subsequent termination with the New York City Board of
Education. The Clerk of Court is directed to refuse any
action filed by Malley in any federal court unless such filing
is accompanied by an affirmation, attested under penalty of
perjury, setting forth succinctly (1) the facts which gave
rise to the action, (2) an attestation that the case does not
relate to his prior employment with or termination by the
Board which he has been enjoined from further litigating, (3)
a petition for leave to file an action for approval by the
assigned Judge, and (4) a copy of this Order and of Judge
Keenan's Order of September 15, 1997. This injunction shall
apply regardless of whether plaintiff seeks to pay the $150.00

22/53

filing fee or to proceed in forma pauperis under 28 U.S.C. § 1915.

SANCTIONS

Rule 11 of the Federal Rules of Civil Procedure provides the minimal threshold requirement for all documents presented to the court, whether offered by counsel or the party, including a pro se litigant. Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 505 (E.D.N.Y. 1998) (citing Jones v. City of Buffalo, No. 96-CV-0739E(F), 1998 WL 214807, at *3 (W.D.N.Y. Apr. 22, 1998); Jemzura v. Public Serv. Comm'n, 961 F. Supp. 406, 414-15 (N.D.N.Y. 1997); Williams v. Revlon Co., 156 F.R.D. 39, 43-44 (S.D.N.Y. 1994)), aff'd, 205 F.3d 1327 (2d Cir. 2000). The fact that a litigant appears pro se does not shield him from Rule 11 sanctions because "one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (quoting Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)). Malley's conduct is vexatious, harassing and frivolous within the meaning of Rule 11. See Revson v. Cinque & Cinque, P.C., 49 F. Supp. 2d 686, 687-88 (S.D.N.Y. 1999). Thus, imposition of monetary sanctions is appropriate.

**23/53**

## CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

ORDERED that this Court's bar order issued on September 15, 1997 in connection with <u>Malley v. N.Y. City Bd. of Educ.</u>, No. 94 Civ. 7186, is extended to prohibit Malley from filing any further complaints in any federal court pertaining to his employment with or subsequent termination by the New York City Board of Education, as well as any other action, unless such filing complies with the provisions of this Order; and Malley is further

ORDERED TO SHOW CAUSE by affirmation why monetary sanctions in the amount of $2,000.00 should not be imposed against him pursuant to Rule 11 of the Federal Rules of Civil Procedure. Malley shall submit to this Court, within ten (10) days of the date of this Order, his written affirmation setting forth good cause why this sanction under Rule 11 of the Federal Rules of Civil Procedure should not be imposed upon him by this Court. Should Malley fail to submit his affirmation within the time directed, or should his affirmation fail to set forth good cause to excuse him from this sanction, the $2,000.00 sanction shall be imposed. If the $2,000.00 sanction is imposed, no further filing of any other action by Malley in this Court shall be accepted by the Clerk of Court, until such sanction is properly paid.

24/53

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:     New York, New York
           26 June 2002

                                   _____
                                       Victor Marrero
                                          U.S.D.J.

25/53        -10-

21. Judge Marrero, SDNY in 6/26/02 ORDER issued injunction illegal on face for all causes of actions in all federal district courts where individual addressee SDNY and EDNY judges see 6/26/02 ORDER p.9 herein "in any federal [district] court...as well as any other action" and those judges also see 6/26/02 ORDER p.4 herein Judge Marrero, SDNY admitted "Malley alleges that permission from this Court [SDNY] before filing this action was not necessary because he is alleging that the [EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment [sex] discrimination [against males] occurred on December 21, 1985, a year [1yr.3mo.+] prior to his termination [3/18/87]." "However, [Judge Marrero, SDNY contradicted himself in next sentence.] the complaint is just another of Malley's thinly veiled attempts to reargue claims pertaining to his "dismissal by the Board of Education [3/18/87 personal injury diversity case cause of action 1st fraud from 11/26/94 dismissal motion memorandum p.6 top for 10/4/94 complaint before Judge Keenan, SDNY] and/or the denial of his application to have his teaching license reinstated [3/20/90 personal injury diversity case cause of action 2nd fraud and its Chancellor as defendant 3rd fraud from same]."" and those individual addressee SDNY and EDNY judges thereby know Judge Marrero, SDNY's 6/26/02 injunction imposed upon each of them non-discretional judicial duty by law to grant leave to file 10th EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males complaint for decision on legal sufficiency in filed SDNY or EDNY complaint not decidable on petition for leave to file.

22. Individual addressee SDNY and EDNY judges see Judge Marrero, SDNY's 6/26/02 ORDER p.6 herein bottom "Malley's disregard of this Court's [SDNY's] various Orders cannot be tolerated. Accordingly,

**26/53**            - 14 -

his latest action [9th prior filed <u>EARLY JUNE '94 EQUITABLY TOLLED</u>
12/21/85 employment sex discrimination against males] is dismissed
[Judge Marrero, SDNY not dismissed for untimely, <u>res judicata</u> barred,
or improper in any other manner (usually case precedential law).]."
where those judges see Judge Marrero, SDNY's 6/26/02 <u>ORDER</u> inside
petition for leave to file know this order imposes upon them non-
discretional judicial duties by law to grant leaves to file 10th
<u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination
against males complaint in their respective courts of jurisdiction
for decision on legal sufficiency in filed complaint not decidable
on petition for leave to file.

23. Individual addressee SDNY and EDNY judges see Judge Keenan,
SDNY's 9/10/97 <u>MEMORANDUM OPINION and ORDER</u> p.2 herein "Plaintiff is
hereby prohibited from filing any further complaints in any federal
district court based on his dismissal by the Board of Education
[3/18/87 peronal injury diversity case cause of action <u>1st fraud</u>
from 11/26/94 dismissal motion memorandum p.6 top for 10/4/94
complaint before Judge Keenan, SDNY] and/or the denial of his
application to have his teaching license reinstated [3/20/90 personal
injury diverity case cause of action <u>2nd fraud</u> and its Chancellor
as defendant <u>3rd fraud</u> from same] without first obtaining leave of a
judge of the court on which he seeks to file to file such
complaint." and those judges know 9th prior filed <u>EARLY JUNE '94</u>
<u>EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination against
males not covered by this 2nd injunction 9/10/97 by <u>1st</u> not matching,
<u>2nd</u> 12/21/85 predating, and <u>3rd</u> 12/21/85 could not arose from later
<u>1st</u> 11/26/94 fraud 3/18/87 instance of violation and/or 11/26/94 <u>2nd</u>
<u>and 3rd</u> 3/20/90 instance of violation.

**27/53**

JUDGE MARRERO, SDNY'S 2/7/08 <u>ORDER</u> TO CLERK OF COURT, SDNY

24. Judge Marrero, SDNY's 2/7/08 <u>ORDER</u> 02 Civ. 4199 [VM] "'ORDERED
that any petition filed by plaintiff Peter J. Malley ("Malley") to
commence further litigation in this Court [SDNY] pertaining to the
events addressed to this Court's [Judge Marrero, SDNY's] Order dated
June 26, 2002 (the "Order") [Judge Marrero, SDNY's 6/26/02 3rd
injunction for all actions in all federal district courts issued
upon <u>three 11/26/94 frauds</u>] where [<u>three 11/26/94 frauds</u> dismissed
but not 9th filed <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment
sex discrimination against males], and in other related actions
similarly dismissed [<u>1st 11/26/94 fraud</u> but not "[u]nconstitutional
deprivation..." thereof] is DENIED...'" where any SDNY judge's leave
to file civil rights cause of action complaint granted whereupon
such complaint may only be legally dismissed in filed complaint or
jury trialed and also "ORDERED That the Clerk of Court [SDNY] is
directed to reject any filings of any motions by Malley in this
Court [SDNY] until he has complied with sanctions impose[d] by the
Order [6/26/02] [<u>NON-EXISTENT</u>] where Dicket Sheet 02 Civ. 4199 [VM]
lists plaintiff's 7/3/02 opposition to $2,000 sanctions but later
not lists $2,000 sanctions order]."

CHIEF JUDGE WOOD, SDNY'S 11/24/08 ORDER

25. Chief Judge Kimba M. Wood, SDNY's 11/24/08 order DOC# 13 M-120
2nd page, last para. "...plaintiff is hereby ordered to cease and
desist from submitting any additional motions [petitions] for leave
to file [This 5th injunction issued upon 11/24/08 <u>ORDER</u> 1st sentence

stating three 11/26/94 frauds.] or any other papers relating to his
dispute with the New York City Bd. of Educ. [This 6th injunction
issued upon 11/24/08 ORDER 1st sentence stating three 11/26/94
frauds.]."

26. Chief Judge Wood, SDNY in next sentence wrote "If Malley seeks
to submit any papers with either the United States District Court
for the Southern or Eastern Districts of New York, he is to file
them directly with the Pro Se Clerk's Office in the Southern
District of New York [Where still effective illegal on face 3rd
injunction 02 CV 4199 (VM) enjoined 6/26/02 by Judge Marrero, SDNY
for all actions in all federal district courts without leave of
judge of such court issued upon and beyond "specific vice[s]
encountered" three 11/26/94 frauds, where any action in any federal
district court granted leave to file action by judge of such court
then action may be submitted to such court, and where plaintiff
complied with Judge Marrero, SDNY's 6/26/02 3rd injunction issued
upon three 11/26/94 frauds by petitioning for leave to file 10th
EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination
against males in SDNY and EDNY federal district courts.] as he has
been repeatedly [never] instructed [This 7th injunction issued upon
11/24/08 ORDER 1st sentence stating three 11/26/94 frauds.]."

27. Chief Judge Wood, SDNY in following sentence wrote "Under no
circumstances shall Mr. Malley communicate in any way with any judge
[This 8th injunction issued upon 11/24/08 order 1st sentence stating
three 11/26/94 frauds.] or court Officer [This 8th injunction issued
upon 11/26/08 ORDER 1st sentence stating three 11/26/94 frauds.] by
facsimile submission [Plaintiff pro se, acting as own attorney, may
fax.]."

# 29/53

28. Chief Judge Wood, SDNY in immediately following sentence wrote "Any violation of this Order will result in the imposition of significant monetary sanctions..."

29. Petitions for leave to file 10th EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males complying with Judge Marrero, SDNY's 6/26/02 3rd injunction issued upon three 11/26/94 frauds not enjoined by multiple 11/24/08 ORDER injunctions issued upon three 11/26/94 frauds where 1st not matching, 2nd 12/21/85 predating, and 3rd 12/21/85 could not arose from later Chief Judge Wood, SDNY's own authored 11/24/08 ORDER "relating to his dispute with the New York City Bd. of Educ." instances of violations beginning 11/24/08 thwarted Chief Judge Wood, SDNY's attempt to render senior citizen plaintiff and his family unable to afford plaintiff, pro se pursuing petitions for leaves to file 10th EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males.

30. Chief Judge Wood, SDNY not responded to plaintiff's Rule 60 Motion 1/5/09 DOC#1 M-120.

### UNKNOWN PERSON ELECTRONICLY BLOCKED PLAINTIFF'S FACSIMILE PETITIONS 8/17/09 10TH ROUND TO SDNY JUDGES

31. Unknown person illegally electronicly blocked plaintiff's facsimile petitions 8/17/09 10th round to SDNY judges where plaintiff pro se, acting as own attorney, may fax.

### UNKNOWN PERSON ELECTRONICLY BLOCKED PLAINTIFF'S FACSIMILE PETITIONS 8/17/09 10TH ROUND TO EDNY JUDGES

32. Unknown person illegally electronicly blocked plaintiff's facsimile petitions 8/17/09 10th round to EDNY judges where

**30/53**

plaintiff pro se, acting as own attorney, may fax.

JUDGE MARRERO, SDNY'S 9/10/09 <u>ORDER</u> TO CLERK OF COURT, SDNY

33.  "'Plaintiff Peter J. Malley ("Malley') seeks leave once again
to file in this District [SDNY] a complaint against the defendants
in the captioned case [[ 02 Civ. 4199 [VM] ]] that consists of claims
previously dismissed [<u>three 11/26/94 frauds</u> instead of plaintiff's
<u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination
against males] by various judges of this Court, and which Malley has
been barred from refiling [all actions in all federal district
courts in Judge Marrero, SDNY's 6/26/.02 3rd injunction 02 Civ. 4199
(VM) issued upon <u>three 11/26/94 frauds</u>].'"

34.  "ORDERED that application of plaintiff Peter J. Malley to file
a complaint asserting the claims previously rejected [<u>three 11/26/94</u>
<u>frauds</u> but not plaintiff's <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85
employment sex discrimination against males] in this matter is
DENIED..." and "ORDERED that the Clerk of Court [SDNY] is directed
to reject Malley's filing on such complaint [opposing counsel's
<u>three 11/26/94 frauds</u>] but not to reject <u>EARLY JUNE '94 EQUITABLY</u>
<u>TOLLED</u> 12/21/85 employment sex discrimination against males".

CHIEF JUDGE PRESKA, SDNY'S 12/07/09 ORDER DOC# 8 M-120

35.  Chief Judge Preska, SDNY's 12/07/09 ORDER DOC# 8 M-120
miscellaneous files <u>rewrote</u> petitions for leave to file 10th <u>EARLY</u>
<u>JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination
against males as (1) "stemming from his dismissal by the New York
City Board of Education [<u>1st 11/26/94 fraud</u>]", (2) "related matters

**31/53**          - 19 -

[1st same fraud]", (3) denial of his application to have his teaching license reinstated [2nd 11/26/94 fraud]", and (4) "dispute with the New York City Board of Education".

36. Chief Judge Preska, SDNY's 3rd page wrote "Plaintiff is hereby ordered to cease and desist from submitting any additional motions for leave to file or any other papers relating to his dispute with the New York City Board of Education [Not enjoining petitions for leave to file 10th EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males]".

37. Chief Judge Preska, SDNY's next sentence wrote "If Mr. Malley seeks to submit any papers with the United States District Court for the Southern District of New York, he is to file them directly with the Pro Se Clerk's Office in the Southern District of New York as he has been repeatedly [never] instructed." where Chief Judge Wood, SDNY's 11/24/08 ORDER DOC# 13 M-120 earlier wrote "If Mr. Malley seeks to submit any papers either the United States District Court for the Southern or Eastern Districts [lacks jurisdiction in EDNY], he is to file them directly with the Pro Se Clerk's Office in the Southern District of New York as he has been repeatedly [never] instructed."

38. Chief Judge Preska, SDNY's next sentence wrote "Under no circumstances shall Mr. Malley communicate in any way with any judge or court Officer by facsimile submission.", where plaintiff pro se, acting as own attorney, may fax.

CHIEF JUDGE PRESKA, SDNY'S 12/16/09 ORDER DOC# 9 M-120

39. Chief Judge Preska, SDNY's 12/16/09 ORDERED DOC# 9 M-120 1st

32/53

page, 1st sentence <u>rewrote</u> petitions for leave to file 10th <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination against males as "stemming from his dismissal by the New York City Board of Education [<u>1st 11/26/94 fraud</u>] and related matters [related to <u>1st 11/26/94 fraud</u> non-civil rights causes of action]."

40. Chief Judge Preska, SDNY's 1st page, 2nd para., 1st sentence wrote "...Mr. Malley to cease and desist from submitting any additional motion or any other papers relating to his dispute with the New York City Board of Education [Not enjoined petitions for leave to file 10th <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination against males.]".

41. Chief Judge Preska, SDNY's 1st page, 2nd para., 3rd sentence wrote "If Malley seeks to submit any papers with the United States District Court for the Southern District of New York, he is to file them directly with the Pro se Clerk's Office in the Southern District of New York as he has been repeatedly [Once in Chief Judge Preska's 12/07/09 ORDER DOC# 8 M-120] instructed [First SDNY judge must sign leave to file complaint by Clerk of Court]."

42. Chief Judge Preska, SDNY's in next sentence wrote "Under no circumstances shall Mr. Malley communicate in any way with any judge or court Officer by facsimile submission.", where plaintiff pro se, acting as own attorney, may fax.

SDNY 4/02/10 ORDER DOC# 1 M-120 SHOULD NO LONGER BE EFFECTIVE

43. Chief Judge Preska, SDNY's 4/02/10 DOC# 1 M-120 1st page, 1st sentence <u>rewrote</u> petitions for leave to file <u>10th EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination against males as "loss of teaching license" non-civil rights cause of action.

**33/53**

44. Chief Judge Preska, SDNY's 2nd para., 3rd sentence wrote "All prior orders of this Court [SDNY] enjoining plaintiff from future submissions remain in effect." where Judge Keenan, SDNY's 7/21/95 1st injunction for future actions in SDNY and where Judge Keenan, SDNY's 9/10/07 2nd injunction narrowed to three 11/26/94 frauds causes of actions complaints extended to all federal district courts.

SDNY 4/02/10 ORDER DOC# 2 M-120 SHOULD NO LONGER BE EFFECTIVE

45. Chief Judge Preska, SDNY's 4/02/10 DOC# 2 M-120 1st page, 1st sentence rewrote petitions for leave to file 10th EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as "concerning the loss of his teaching license".

46. Chief Judge Preska, SDNY near bottom 1st page wrote "The Clerk of Court [SDNY] is to impose $10,000 sanction upon plaintiff [Based upon Chief Judge Preska, SDNY's rewrote EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as 'concerning the loss of his teaching license'.], payable immediately, by certified bank check or money order, to the Clerk of Court of the United States District Court, Southern District of New York."

THREE SDNY CHIEF JUDGES REWROTE PETITIONS FOR LEAVES TO FILE
EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 EMPLOYMENT SEX
DISCRIMINATION AGAINST MALES

47. In miscellaneous files (1) Chief Judge Griesa, SDNY's 6/4/97 ORDER 97 Civ. 4125 M-120 rewrote EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as "...judges his adopt the government's [opposing counsel's] language [three 11/26/94 frauds], this would not give rise to a cognizable claim.",

totaling _four rewrites_ where no injunctions or sanctions.

48. In miscellaneous files (2) Chief Judge Wood, SDNY's 11/24/08 order DOC# 13 M-120 _rewrote_ EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as "dismissal by the Board of Education [1st 11/26/94 fraud] and/or the denial to have his teaching license reinstated [2nd 11/26/94 fraud] and "relating to his dispute with the New York City Bd. of Educ." totaling _three rewrites_ thereupon issued _three injunctions._

49. In miscellaneous files (3) Chief Judge Preska, SDNY's 12/07/09 ORDER DOC# 8 M-120 _rewrote_ EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as "stemming from his dismissal by the New York City Board of Education [beyond 1st 11/26/94 fraud] and related matters [related beyond 1st 11/26/94 fraud]...Mr. Malley now moves reconsideration of this Court's November 24, 2008 order Judge Wood, SDNY's 11/24/08 DOC# 13 M-120 pursuant to Federal Rule of Civil Procedure 60(b)...reconsideration ...reconsideration...reconsideration...[1st and 2nd 11/26/94 frauds] ...reconsideration..." totaling _nine rewrites_ thereupon issued _three injunctions._

50. In miscellaneous files (4) Chief Judge Preska, SDNY's 12/16/09 ORDER DOC# 9 M-120 _rewrote_ EARLY JUNE '94 EQUITABLY TOLLED 12/27/85 employment sex discrimination against males as "stemming from his dismissal by the New York City Board of Education [beyond 1st 11/26/94 fraud] and related matters [related beyond 1st 11/26/94 fraud]...reconsideration..." and _rewrote_ 12/21/85 employment sex 12/21/85 employment sex discrimination against males "relating to his dispute with the New York City Board of Education" totaling _four rewrites_ therepon issued _three injunctions._

# 35/53                — 23 —

51. In miscellaneous files (5) Chief Judge Preska, SDNY's 4/02/10 ORDER DOC# 1 M-120 rewrote EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 12/21/85 employment sex discrimination against males as "concerning the loss of his teaching license" thereupon issued one injunction.

52. In miscellaneous files (6) Chief Judge Preska, SDNY's 4/02/10 ORDER DOC# 2 M-120 "Plaintiff will not be allowed to file anything further in the captioned [rewrote EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as 'concerning the loss of his teaching license...'] matter..." whereupon issued one injunction against his rewrote but not against 10th EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males.

53. In miscellaneous files (6) Chief Judge Preska, SDNY's 4/02/10 ORDER DOC# 2 M-120 1st page, last sentence rewrote EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as "concerning the loss of his teaching license" thereupon issued "The Clerk of Court is directed to impose a $10,000 sanction upon plaintiff, payable immediately, by certified bank check or money order to the Clerk of Court of the United States District Court, Southern District of New York where one rewrote thereupon issued 10,000 dollars sanction.

54. Table below shows EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employee sex discrimination against males Rewrotes as non-civil rights causes of actions for each five miscellaneous decision; however, table not shows 1st decision also includes two 11/26/94 frauds and 2nd decision also includes three 11/26/94 frauds.

# 36/53

CHIEF JUDGES SDNY WOOD AND PRESKA REWROTE 18 EARLY JUNE '94 EQUITABLY
TOLLED 12/21/85 EMPLOYMENT SEX DISCRIMINATION AGAINST MALES AS AMONG
THREE 11/26/94 FRAUDS AND/OR AS AMONG NON-CIVIL RIGHTS CAUSES OF
ACTIONS THEREUPON ISSUED TEN INJUNCTIONS AND ONE $10,000 SANCTION

| Miscellaneous Files | | Rewrotes | | Issued | | | |
|---|---|---|---|---|---|---|---|
| 11/24/08 DOC# 13 | M-120 | 3 | x | 3 | injunctions | = | 9 |
| 12/07/09 | 8 | 9 | x | 3 | " | = | 27 |
| 12/16/10 | 9 | 4 | x | 3 | " | = | 12 |
| 4/02/10 | 1 | 1 | x | 1 | " | = | 1 |
| 4/02/10 | 2 | 1* | x | 1 | " | = | 1 |
| | | + 1* | x | 10,000 | sanction | = | + 10,000 |
| | | 18 | *same 1 | | | | 10,050 |

55. Plaintiff complied with 3rd injunction 02 CV 4199 (VM) 6/26/02
by Judge Marrero, SDNY for all actions in all federal district
courts without leave of judge of such court issued upon and beyond
"specific vice[s] encountered" three 11/26/94 frauds by petitioning
for leave to file in SDNY and EDNY 10th EARLY JUNE '94 EQUITABLY
TOLLED 12/21/85 employment sex discrimination against males.

56. Kearse, Cabranes, and Katzmann, Circuit Judges 3/2/04 SUMMARY
ORDER 03-7717 upon three 11/26/94 frauds not VACATED but let
illegality stand where Judge Marrero, SDNY's 6/26/02 3rd injunction
for all actions in all federal district courts issued upon and
beyond "specific vice[s] encountered" three 11/26/94 frauds as
secret signal to all federal district court judges to assume
omissions as abreviation and enforce as written in Judge Marrero,
SDNY's 3rd injunction and also 3/2/04 not VACATED illegal on face
order to Clerk of Court of any federal district court to refuse
certain actions with leaves to file from judges of such courts of
jurisdiction instead omitted this illegality as secret signals to
Clerk of Court of any federal district to assume omission as
abreviation and enforce as written Judge Marrero, SDNY 3rd 6/26/02
injunction and whereupon when plaintiff petitioning for leaves to
file no SDNY or EDNY judge may not enjoin or sanction for complying

37/53

with 6/26/02 3rd injunction for leave to file where 2nd Cir. judges

blocked SDNY and EDNY judges modifying 6/26/02 3rd injunction,

providing by legal custom when person sends letter to judge and not

reciived any answer may repeat same after three months; furthermore,

plaintiff complied with 2nd Cir. 3/2/04 SUMMARY ORDER.

57. Where "order should not have been entered without giving

notice and opportunity to be heard.", Cit. para. 8 above where

plaintiff not ordered to show cause why 10 injunctions and 1

sanction subtotaling 10 + 1 = 11 should not be ordered, where

"...injunctions [10] should be narrowly drawn to fit specific

vice[s] encountered.", Cit. para. 9 above where rewrites EARLY JUNE

'94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against

males as 19 non-civil rights causes of actions and one 1st 11/26/94

fraud and one 2nd 11/26/94 fraud subtotaling 19 + 2 = 21 among SDNY

Judges Wood and Preska, and where those 2 judges could stop

plaintiff, pro se continuing petitioning for leaves to file by

either judge signing petition for leave to file and send to

plaintiff for still open civil rights cause of action for either

legally dismissal or jury trial in filed complaint but both those

judges not granted leave to file continuing plaintiff, pro se

petitions for leave to file and; furthermore, 10 injunctions and 1

sanction uneffecting sex discrimination action subtotaling 10 + 1

= 11 totaling illegalities as 11 x 10 x 21 x 2 x 11 = 50,820.

58. Chief Judges SDNY Wood and Preska in table below para. 54 above

and in para. 57 above totaling federal illegalities 10,050 x 50,820

= 510,741,000 (over 510 millions) where not added but multiplied

because both supported each other just because both judges attempted

to block plaintiff's compliances with Judge Marrero, SDNY's 3rd

**38/53**

injection 6/26/02 and 2nd Cir. SUMMARY ORDER 3/2/04.

### JUDGE MARRERO, SDNY'S 2/8/08 ORDER AND 9/10/09 ORDER
### NEW DIRECTIONS VIOLATING FEDERAL LAWS

59. Judge Marrero, SDNY's 2/8/08 02 Civ. 4199 [VM] ORDER 2nd page
"ORDERED that any petition filed by plaintiff Peter J. Malley
("Malley") to commence further litigation in this Court [SDNY]
pertaining to the events addressed in this Court's [Judge Marrero,
SDNY's] Order dated June 26, 2002 (the "Order") (Three 11/26/94 frauds
but not 9th filed EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment
sex discrimination against males.], and in other related action
similarly dismissed [among three 11/26/94 frauds], is DENIED:...
ORDERED That the Clerk of Court [SDNY] is directed to reject any
filing of any further motions by Malley in this Court until he has
complied with the sanctions [NON-EXISTENT] impose[d] by the Order
[June 26, 2002]."

60. Judge Marrero, SDNY's 9/10/09 02 Civ. 4199 [VM] only page
"ORDERED that application of plaintiff Peter J. Malley to file a
complaint asserting the claims previously rejected [three 11/26/94
frauds] in this matter is DENIED [Not denied 9th filed EARLY JUNE
'94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against
males.]...ORDERED that the Clerk of Court [SDNY] is directed to
reject Malley's filings such complaint [three 11/26/94 frauds but
not 10th filed EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment
sex discrimination against males.]."

61. Judge Marrero, SDNY's 2/8/08 ORDER words "DENIED" and "reject"
as well as 9/10/09 ORDER word "DENIED" where Judge Marrero, SDNY's
6/26/02 ORDER dismissed 9th filed EARLY JUNE '94 EQUITABLY TOLLED
12/21/85 employment sex discrimination against males as three

**39/53**                    - 27 -

11/26/94 frauds where subtotaling judge's 3 words x three 11/26/94 frauds = 9 items; furthermore, later 9/10/09 ORDER word "reject" for NONEXISTENT sanctions adding these same 9 items and later 1 item = 10 items whereupon any leave to file granted must be filed by Clerk of Court, SDNY adds this 1 to same 10 totaling 10 + 1 = 11 new directions violations of federal laws by Judge Marrero, SDNY.

CHIEF JUDGE PRESKA, SDNY'S 11 Civ. 2239 (LAP) 4/21/2011 ORDER

62. Chief Judge Preska, SDNY 11 Civ. 2239 (LAP) 4/21/2011 ORDER 1st sentence wrote "On September 15, 1997, the Court enjoined Plaintilf from filing any further complaints in any federal court concerning the loss of his teaching license [(1) Not EARLY JUNE '94 EQUITABLY TOLLED 12/21/84 employment sex discrimination against males civil rights cause of action complaint.] concerning the loss of his teaching license [(2) rewrote as non-civil rights cause of action complaint] without first obtaining leave of court to do so."; 2nd sentence states 94 Civ. 7186 (JFK) wherein enjoined three 11/26/94 frauds; and (3) 3rd sentence wrote "He has been financially sanctioned by the Southern and Eastern Districts for repeatedly violating this injunction." (4) illegal or legal sanctions ineffective against civil rights cause of action complaint must be legally dismissed or tried in filed complaint totaling 4 illegalities (1)-(4) x 3 frauds = 12.

SDNY AND EDNY JUDGES U.S. CONST. VIOLATIONS

63. Chief Judge Preska, SDNY 4/21/11 wrote "He has been financially sanctioned by both the Southern and Eastern Districts violating this [6/26/02 3rd] injunction."

**40/53**

- 28 -

64. Plaintiff 3/2/00 filed 00 Civ. 1617 (AKH) collateral civil rights of action EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males by municipal government attorney's frauds in court records and laws to federal judges pursuant to "Unconstitutional deprivation of a cause of action occurs when governmental officials thwart vindication of a claim by violating basic principles that enable claimants to assert their rights effectively." Barrett v. U.S. 798 F.2d 565 (2d Cir. 1986) where Judge Keenan, SDNY 2nd 9/10/97 injunction for three 11/26/94 frauds not required leave to file this collateral complaint but required attachment 9/10/97 order to 3/2/00 filing where Judge Hellerstein, dismissed collateral as 1st 11/26/94 fraud thereupon sanctioned 5/2/00 plaintiff 1,500 illegalities dollars and 9/5/01 00 CV 1617 (AKH) collected 1,500 illegalities dollars totaling 3,000 illegalities dollars issued upon Judge Hellerstein, SDNY dismissed 1st 11/26/94 fraud but no adjudicated "[u]nconstitutional deprivation" civil rights complaint.

65. Judge Garaufis, EDNY's 11/15/05 ORDER 05-MC-0015 (NGG) "... Clerk of Court [EDNY] is directed to impose $2,500 upon plaintiff... any further submissions where Judge Garaufis, EDNY wrote "...frequent ...vexatious...abusive...vexatious...frivolous..." not effective against civil rights litigation where sanctioning must write some reason for sanction; therefore, 2,500 illegalities dollars x 5 uneffective civil rights grounds = 12,500 illegalities.

66. Chief Judge Preska, SDNY's 4/02/10 ORDER DOC# 2 M-120 rewrote 10th EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as "concerning the loss of his teaching license" non-civil rights cause of action thereupon sanctioned

**41/53**          - 29 -

10,000 illegalities <u>dollars</u>.

67. Judge Hellerstein, SDNY 3,000; Judge Garaufis, EDNY 2,500; Chief Judge Preska, SDNY 10,000 subtotaling 15,000 illegal dollars and multiplying 6 (See para. 62 above.) tot. <u>186,000</u> illegalities.

ORDER OF DISMISSAL UNDER 28 U.S. § 1651<br>DATED FILED 7/20/11

68. Loretta A. Preska, Chief Judge, SDNY wrote 7/20/11 1st sentence "Plaintiff filed this action pro se.", where this judge filed it. Chief Judge, SDNY Preska 3rd sentence "He has been financially sanctioned by both this Court [SDNY] and the United States District Court or the Eastern District of New York for repeatedly violating this injunction.", where sufficiently same Chief Judge, SDNY Preska in 11 Civ. 2239 (LAP) 4/21/2011 <u>ORDER</u> para.s 63-67 above totaling 186,000 illegalities; therefore, this 7/20/11 1st repetition would be another <u>186,000</u> illegalities.

Acting Chief United States District Judge, Batts, SDNY 10/19/11<br>ORDER OF DISMISSAL ORDER UNDER 28 U.S.C. § 1651 11 Civ. 6725 (DAB)

69. (1) Petitions 18th round for leave to file <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 employment sex discrimination against males where 18 rounds <u>1,417</u> not granted and (2) Table 2 <u>EARLY JUNE '94 EQUITABLY TOLLED</u> 12/21/85 EMPLOYMENT SEX DISCRIMINATION AGAINST MALES PETITIONS FOR LEAVE TO FILE IN <u>18</u> ROUNDS NOT SIGNED naming judges not signed 1,417 petitions totaling <u>1,417</u> + <u>1,417</u> = <u>2,834</u> illegalities.

70. (3) Judge Marrero, SDNY's <u>ORDER</u> 02 Civ. 4199 (VM) 6/26/02 ordered plaintiff attach Judge Keenan, SDNY's <u>MEMORANDUM ORDER and</u>

ORDER wherein p.2 "Plaintiff is hereby prohibited from filing any further complaints in any federal court based on his dismissal by the Board of Education [1st 11/26/94 fraud in 1,417 petitions] and/or the denial of his application to have his teaching license reinstated [2nd and 3rd 11/26/94 frauds in 1,417 petitions where in 2nd 11/26/94 fraud in 1,417 petitions and 3rd 11/26/94 fraud in 1,417 petitions]" without obtaining leave of judge of court [district] in which he seeks to file such complaint [but noT EARLY JUNE '94 EQUITABLY TOLLED 12/21/95 employment sex discrimination against males in 1,417 petitions in civil rights complaint and in 1,417 Table 2 named judges totaling 6 X 1,417 + 8,502 illegalities (Federal judges prefers term "judicial errors".).

71. Totaling 2,834 para. 69 above + 8,502 para. 70 above = 11,336 illegalities.

Acting Chief United States District Judge, SDNY 10/24/11
CIVIL JUDGEMENT 11 Civ. 6725 (DAB)

72. In 1st sentence wrote "Pursuant to the Order issued October 19, 2011 by the Honorable Deborah A. Batts Acting Chief United States District Judge dismissing the Complaint but not (1) denied leave to file (2) petition for leave to file EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males subtotaling 2, it is, ORDERED, ADJUDICATED, AND ORDERED: [3 illegalities based upon 11,226 illegalities para.s 69-71 above] "totaling 2 x 3 x 11,336 = 68,016 illegalities.

1-19TH ROUNDS MORE "JUDICIAL ERRORS" IN 19TH ROUND 1/3/12

73. Plaintiff named each 3 defendants otherwise court would

**43/53**

dismiss complaint, where lawyers for defendants never claimed in civil rights cause of action complaint EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males as 1st on beyond statutes of limitations violations or 2nd on in earlier filed complaint dismissed both 3 subtotaling $3 \times 2 = 6$, where "Court must accept factual allegations stated as true." Cit. para. 5 above; furthermore, total of 1-19th rounds in federal courts SDNY and SDNY of jurisdictions 1,492 petitions for leave to file and Table 2 EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 EMPLOYMENT SEX DISCRIMINATION AGAINST MALES PETITIONS FOR LEAVE TO FILE 19 ROUNDS NOT SIGNED named judges 1,492 subtotaling $1,492 + 1,492 = 2,984$ not 1st granted and 2nd returned to pro se plaintiff both 2 subtotaling $6 \times 2,984 \times 2 = 35,808$.

2/15/12 ORDRR OF DISMISSAL UNDER 28 U.S.C. § 1651 12 Civ. 0197 (LAP)

74. LORETTA A. PRESKA, Chief United States District Judge [SDNY] 1st sentence stated "On September 15, 1997 was barred from filing any new actions about the loss of his teaching license [3/18/87] in this Court [SDNY] without first obtaining leave to file.", where filed 9/10/97 2nd injunction 94 Civ. 7186 (JFK) MEMORANDUM OPINION and ORDER where EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males 1,492 petitions "dismissal by the Board" harm from this civil right violation where 1st 11/26/94 fraud "dismissal by the Board" non-civil rights cause of action 1st not matching, 2nd predating, and 3rd could not arose from this non-civil rights cause of action or its violations thereupon 7 filed 4th-10th civil rights cause of action 2nd injunction not barred subtotaling $1,492 + 7 = 1,499$.

# 44/53

75. Later 6/26/02 3rd injunction 02 Civ. 4199 (VM) ORDER where Judge Marrero, SDNY p.9 1st para. "any further complaint in any federal [District] court...as well as any other action" where allowed only for males filed 80-100 harassing female where 1,492 petitions each connected Table 2 EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 EMPLOYMENT SEX DISCRIMINATION AGAINST MALES PETITIONS FOR LEAVE TO FILE IN 19 ROUNDS NOT SIGNED by SDNY judges another 1,492 subtotaling 1,492 + 1,492 = 2,984 totaling 100 x 2,984 = 298,400 illegalities.

76 Grand totaling 1,499 para. 74 above + 298,400 para. 74 above grandtotaling 299,899 illegalities (Federal judges prefers "judicial errors".).

## 12/15/12 CIVIL JUDGEMENT 12 Civ. 0197 (LAP)

77. "...Honorable Loretta A. Preska, Chief United States, District Judge [SDNY] dismissing the Complaint [1] but not plaintiff's petition for leave to file civil rights cause of action [2]..." subtotaling 2 illegalites x ORDERED, ADJUDICATED, AND ORDERED 3 illegalities x 299,899 illegalities para. 76 above = 2 x 3 x 299,899 illegalities = 1,799,394 illegalities (Federal judge prefers term "judicial errors").

9/12/12 ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651 12 Civ. 0197 (LAP)

78. LORETTA A. PRESKA, Chief United States District Judge [SDNY] 1st sentence "On September 10, 1997, Plaintiff was barred from filng any new actions about his dismissal by the New York City Board of sanction of the loss of his teaching licenses non-civil rights

45/53          - 33 -

where not barred EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males caused later harm [2nd injunction 94 Civ. 7186 (JFK) civil rights 1 illegality.

79. Where 3rd sentence "This bar was extended to all new actions filed by Plaintiff where 2nd injunction p.9 'any federal [district] court...as well as any other action' "; however, federal courts only allowed injunctions for all filings for male 80-100 filings harassing female 100 illegalities.

80. Where 4th sentence (1) "plaintiff has not sought leave to file this action.", where (2) rewrote petition for leave to file but subtotaling 2 illegalities.

81. Where 5th sentence (1) "According, the Court grants Plaintiff ...status for the purpose of dismissing this action" where (2) petition of leave to file rewrote (3) as action is dismissed"

82. Where illegalities 1 para. 78 above, 100 para. 79 above, 2 para. 80 above, and 3 para. 81 above totaling 1 + 100 + 2 + 3 = 106 illegalities (Federal judges prefers term "judicial errors".).

### 2/21/12 CIVIL JUDGEMENT 12 Civ. 2820 (LAP)

83. Loretta A. Preska, Chief United States District Judge [SDNY] 1st sentence wrote "dismissal the Complaint, it is," where ORDERED, ADJUDICATED AND DECREED: 3 x 106 para. 82 above = 318 illegalities (Federal judges prefers term "judicial errors.").

### LARGE NUMBERS "JUDICIAL ERRORS" REDUCED, APPROXIMATED, AND SIMPLIFIED FOR FEDERAL JUDGES

84. Where (1) 186,000 para. 67 above, (2) 186,000 para. 68 above, (3) 11,336 para. 71 above, (4) 68,016 para. 72 above, (5) 35,808

**46/53**

para. 73 above, (6) 299,899 para. 76 above, (7) 1,799,394 para. 77
above, (8) 106 para. 82 above. (9) 318 para. 83 above where each
member in these 9 groups supports every each member in all these 9
groups multiplied 186,000 x 186,000 x 11,336 x 68,016 x 35,808 x 299,899 x
1,799,394 x 106 x 3i8 = 100000 x 000000 x 00000 x 00000 x 00000 x 000000 x
0000000 x 000 x 000 = 1 followed by 43 zeros.

## ADDITIONAL JUDICIAL ERRORS 22 ROUNDS

85. (1) EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 [1 U.S. Supreme Ct.
equitably tolling begins counting analongus state law of limitations
(N.Y.S. 3 yr..) not from instance of violation but from knowledge or
reasonable basis of knowledge of civil rights violation] employment
sex discrimination against males teachers and supervisions [1 civil
rights cause of action] where defendants [3 New York City Board of
Education, City of New York, and Corporation Counsel of the City of
New York without these 3 would dismissal] subtotal 1 + 1 + 3 + 3 = 8; (2)
where Judge John F. Keenan, SDNY 94 Civ. 7186 MEMORANDUM OPINION and
ORDER signed 9/10/97 filed 9/15/97 p.2 "...Plaintiff attach a copy
of this Order to any pleading filed; or attempted to be filed in a
civil action in any federal court.", where federal injunction all
filing only allowed for male filed 80-100 harassing female 100; (3)
Judge Victor Marrero, SDNY 02 Civ. 4199 (VM) ORDER signed 6/26/02
filed 6/27/02 where Judge Marrero, SDNY wrote p.3 "...plaintiff
attach a copy of this Order to any pleading filed or attempted to be
filed in a civil action in any federal court." p.9 "as well as any
action where federal injunction all filings only allowed for males
80-100 harassed female 100; (4) Judge Keenan, SDNY and Judge Marrero,
SDNY never enjoined EARLY JUNE '94 EQUITABLY TOLLED 12/21/85

**47/53**

employment sex discrimination against teachers and supervisions; (5) after both 2 not enjoined EARLY JUNE '94 EQUITABLY TOLLED employment sex discrimination against males teachers and supervisors with 2 federal injunction all filings only allowed for males filed 80-100 harassed female 100 subtotaling 2 x 2 x 100 = 400 reduced to 000 and also added to 84 para. end 10,000,000,000,000,000,000,000,000,000, 000,000,000,000,000,000.

PETITIONS FOR LEAVE TO FILE 22 ROUNDS

86. Judge Marrero, SDNY 02 Civ. 4199 (VM) ORDER signed 6/26/02 p.4 (1) "Malley alleges that permission from the Court before filing this action was not necessary because he is alleging that the discrimination [1] occurred on December 21, 1985 [EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males teachers and supervisors before Judge Marrero, SDNY eyes. 1]; (2) Judge Marrero, SDNY next sentence "However the complaint is just another of Malley's thinly attempts to reargue claims pertaining to his "dismissal by the Board of Education [1st 11/26/94 fraud 1] and or the denial of his application to have his teaching license [2nd and 3rd 11/26/94 frauds 2]; (3) Judge Marrero, SDNY p.9 1st para. "ORDERED that this Court's bar order issued [filed] on September 15, 1997...is extended to prohibit Malley filing any future complaints in any federal court pertaining to his employments in any federal court EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males teachers abd supervisors where employment in this civil rights complaint 1] with or subsequent termination [1st 11/26/94 fraud 1]...; (4) petitioners for leave to file RARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex

**48/53**        - 36 -

discrimination against males teachers and supervisions not enjoined 1 but blocking filing EARLY JUNE '94 EQUITABLY TOLLED 12/21/85 employment sex discrimination against males teachers and supervisors; (5) petitions 22 rounds 1,795 among 114 SDNY and EDNY Judges where petitions by law required to signed petitions 1 and sent to petitions 1 totaling (1) 1 + 1, (2) 1 + 2, (3) 1 + 1, (4) 1, (5) 1,795 x 114 = 2 + 3 + 2 + 1 + 1,795 x 114 = 8 + 1,795 x 114 = 8 x 209,630 = 1,637,040 illegalities (Federal judges prefers "judicial errors".) reduce 0000000,

### COMBINE 2 LARGE NUMBERS

87. Para. 84 1 followed 43 zeros and para. 86 7 zeros added 1 followed 43 zeros + 7 zeros = 1 folowed by 50 zeros = 1 hundred billions x 1 hundred billions x 1st trillion x 2nd trillion x 3rd trillion illegalities (Federal judges prefers term "judicial error".).

Table 1

EQUITUBLY TOLLED 12/21/85 EMPLOYMENT SEX DISCRIMINATION
10 PRIOR COMPLAINTS 10/4/94-6/4/02
NOT FOUND UNTIMELY OR RES JUDICATA BARRED

| Case | Decision |
|---|---|
| 1. 1st 10/4/94 filed 94 Civ. 7186 (JFK) Judge Keenan, SDNY | 7/21/95 dismissed upon three 11/26/94 frauds of opposing counsel |
| 2. 2nd 19/31/96 filed 96 CV 5344 (JJS) Judge Sterling, EDNY | 11/18/96 admitted "plaintiff alleging employment [sex] discrimination' but then dismissed as res judicata barred by 7/21/95 1st dismissal based upon three 11/26/94 frauds as 7/21/95 "fully adjudicated" |
| 3. 3rd 2/27/97 unfiled 97 CIV. 4125 M-120 Chief Judge Griesa, SDNY | 6/4/97 denied leave to file in SDNY upon his own authored cause of action as "... judges did adopt the government's language, this would not give rise to a cognizable claim." |
| 4. 4th 9/10/99 filed 99 Civ. 9613 (JFK) Judge Keenan, SDNY | 3/17/00 dismissed upon equitably tolled 12/21/85 employment [sex] discrimination enjoined by 9/10/97 2nd injunction but 1st not matching, 2nd 12/21/85 instance of violatiun predating, and 3rd 12/21/85 could not arose from later 1st 11/26/94 fraud 3/18/87 instsnce of violation or 2nd and 3rd 11/26/94 frauds 3/20/90 instance of violation |
| 5. 5th 4/17/00 filed 00 Civ. 2947 (JFK) Judge Keenan, SDNY | 5/24/00 dismissal same as 4th above |
| 6. 6th 9/6/01 filed 01 CV 8347 (VM) Judge Marrero, SDNY | 10/30/01 dismissed same as 4th and 5th above |
| 7. 7th 1/2/02 filed 02 CV 00004 (WK) Judge Knapp, SDNY | 1/30/02 dismissed same as 4th, 5th, and 6th above |
| 8. 8th 2/26/02 filed 02 CV 1482 (WK) Judge Knapp, SDNY | 4/1/02 dismissed same as 4th, 5th, 6th and 7th above |
| 9. 9th 5/9/02 filed 02 CV 3575 (VM) Judge Marrero, SDNY | 5/14/02 termed COMPLAINT as request leave to file in SDNY and closed case stating as prior dismissals based on three 11/26/94 frauds of opposing counsel |
| 10. 10th 6/4/02 filed 02 CV 4199 (VM) Judge Marrero, SDNY | 6/26/02 admitted equitably tolled 12/21/85 employment [sex] discrimination but dismissed upon three 11/26/94 frauds of opposing counsel |

50/53

**Table 2 (1/2)**
**EARLY JUNE '94 EQUITABLY TOLLED 12/21/85**
**EMPLOYMENT SEX DISCRIMINATION AGAINST MALES**
**PETITIONS FOR LEAVE TO FILE IN 22 ROUNDS NOT SIGNED**

**SDNY Judges**

| # | Judge | Range | Total |
|---|---|---|---|
| 1. | Baer | 1-22 | =22 |
| 2. | Batts | 1-3,5-22 | =21 |
| 3. | Berman | 1-3,5-22 | =21 |
| 4. | Brieant | 1-5 | = 5 |
| 5. | Buchwald | 1-22 | =22 |
| 6. | Carter, R.I. | 1-12 | =12 |
| 7. | Casey | 1-3 | = 3 |
| 8. | Castel | 1-3,5-22 | =21 |
| 9. | Cedarbaum | 1-3,5-22 | =21 |
| 10. | Chin | 1-12 | =12 |
| 11. | Conner | 1-9 | = 9 |
| 12. | Cote | 1-3,5-22 | =21 |
| 13. | Daniels | 1-22 | =22 |
| 14. | Duffy | 1-3,5-22 | =21 |
| 15. | Griesa | 1-3.5-22 | =21 |
| 16. | Haight | 1-12,14-21 | =20 |
| 17. | Hellerstein | 1-22 | =22 |
| 18. | Holwell | 1-3,5-20 | =19 |
| 19. | Jones | 1-22 | =22 |
| 20. | Kaplan | 1-22 | =22 |
| 21. | Keenan | 1-3,5-22 | =21 |
| 22. | Koeltl | 1-22 | =22 |
| 23. | Kram | 1-12 | =12 |
| 24. | Leasure | 1-3,5-14 | =13 |
| 25. | Lynch | 1-14 | =14 |
| 26. | Marrero | 1-22 | =22 |
| 27. | McKenna | 1-22 | =22 |
| 28. | McMahon | 1-21 | =21 |
| 29. | Motley | 1-3 | = 3 |
| 30. | Mulkasey | 1-3 | = 3 |
| 31. | Owen | 1-3,6-22 | =20 |
| 32. | Patterson, Jr. | 1-3,5-22 | =21 |
| 33. | Pauley III | 1-22 | =22 |
| 34. | Pallack, M. | 1 | = 1 |
| 35. | Preska | 1-3,5-22 | =21 |
| 36. | Rakoff | 1-3,6-22 | =20 |
| 37. | Robinson | 1-3,6 | = 4 |
| 38. | Sand | 1-3,5-22 | =21 |
| 39. | Schleindlin | 1-22 | =22 |
| 40. | Sprizzo | 1-3,5-10 | = 9 |
| 41. | Staton | 1-3,5-22 | =21 |
| 42. | Stein | 1-22 | =22 |
| 43. | Swain | 2-22 | =21 |
| 44. | Sweet | 1-4,6-22 | =21 |
| 45. | Wood | 1-22 | =22 |
| 85. | Karass | 1-3,5-21 | =20 |
| 94. | Crotty | 6-21 | =16 |
| 90. | Sullivan | 5-22 | =18 |
| 95. | Gardephe | 8-10,12-22 | =14 |

| # | Judge | Range | Total |
|---|---|---|---|
| 109. | Carter, Jr. | 21,22 | = 2 |
| 110. | Englemayer | 21,22 | = 2 |
| 111. | Forest | 21,22 | = 2 |

**SDNY Magistrate Judges**

| # | Judge | Range | Total |
|---|---|---|---|
| 46. | Dolinger | 1-15,17-22 | =21 |
| 47. | Eaton | 13 | = 1 |
| 48. | Ellis | 1-3.5-22 | =21 |
| 49. | Fox, K. | 1-3,5-22 | =21 |
| 50. | Fox, M. | 1-3,5 | = 4 |
| 51. | Francis IV | 1 | =22 |
| 52. | Freeman | 1-22 | =22 |
| 53. | Goldberg | 1-3,5, 8-15,20-22 | =15 |
| 54. | Gorenstein | 1-22 | =22 |
| 55. | Katz | 1-21 | =21 |
| 56. | Maas | 1-3,5-22 | =21 |
| 57. | Peck | 1-22 | =22 |
| 58. | Pitman | 1-3,5-15,18, 19-22 | =19 |
| 59. | Smith | 1-5,18,20,21 | = 8 |
| 60. | Yanthis | 1-5,18,20,21 | = 8 |
| 96. | Davidson | 14-21 | = 8 |
| 97. | Cott | 14-22 | = 9 |

**EDNY Judges**

| # | Judge | Range | Total |
|---|---|---|---|
| 61. | Amon | 1-22 | =22 |
| 62. | Block | 1-22 | =22 |
| 63. | Dearie | 1-22 | =22 |
| 64. | Feuerstein | 1-3 | = 3 |
| 65. | Garaufis | 1-22 | =22 |
| 66. | Gershon | 1-22 | =22 |
| 67. | Glasser | 1-22 | =22 |
| 68. | Gleeson | 1-22 | =22 |
| 69. | Johnson, Jr. | 1-22 | =22 |
| 70. | Korman | 1-22 | =22 |
| 71. | Ross | 1-22 | =22 |
| 72. | Sifton | 1-22 | =22 |
| 73. | Trager | 1-16 | =16 |
| 74. | Weinstein | 1-22 | =22 |
| 86. | Irizarry | 2,3,6-22 | =19 |
| 87. | Townes | 2,3,6-22 | =19 |
| 91. | Cogan | 6-22 | =17 |
| 92. | Mauskoph | 5-22 | =18 |
| 93. | Vitaliano | 6-22 | =17 |
| 82. | Matsumoto | 7-22 | =16 |
| 99. | Bianco | 18-22 | = 5 |
| 100. | Seybert | 18-22 | = 5 |
| 101. | Hurley | 18-22 | = 5 |
| 102. | Platt | 18-22 | = 5 |
| 103. | Splatt | 18-22 | = 5 |
| 104. | Wexler | 18-22 | = 5 |
| 109. | Brodie | 22 | = 1 |
| 110. | Kuntz II | 22 | = 1 |

**Rounds**

| Rounds | Date |
|---|---|
| 1,2,3: | 9/4-10/5 |
| 4: | 2/11/8 |
| 5: | 5/1/9 |
| 6: | 8/7/8 |
| 7: | 12/12/8 |
| 8: | 2/13/9 |
| 9: | 5/13/9 |
| 10: | 8/17/9 |
| 11: | 12/2/9 |
| 12: | 3/2/10 |
| 13: | 6/3/10 |
| 14: | 9/7/10 |
| 15: | 12/9/10 |
| 16: | 3/14/11 |
| 17: | 6/15/11 |
| 18: | 9/20/11 |
| 19: | 1/3/12 |
| 20: | 4/2/12 |
| 21: | 7/6/12 |
| 22: | 10/8/12 |

Table 2 (2/2)

```
                EDNY Magistrate Judges                      Judges
75. Azrack      1-14=14    84. Pollack, C.   1-22=22        69 SDNY
76. Bloom       1-22=22    85. Orenstein     4-22=19       +45 EDNY
77. Chrein      1-3 = 3    89. Reyes         6-22=17       114 Tot.
78. Go          1-22=22    98. Carter, A.  11,12,22= 3
79/ Gold        1-22=22   105. Boyle         18-22= 5      Petitions
80. Levy        1-22=22   106. Lindsay       18-22= 5     1,139 SDNY
81. Mann        1-22=22   107. Tomlyson      18-22= 5     +  656 EDNY
82. Matsumoto   1-5 = 5   108. Wall          18-22= 5     1,795 Tot.
83. Pohorelsky  1-22=22
```

52/53        - 40 -

## Remedies Sought

62. Wherefore, Plaintiff demands following relief by way of judgement against Defendants;

   1) Damages for lost salary, benefits, bonus, all N.Y.C. teaching licenses, and compensation due from March 18, 1987 to date of judgement.

   2) Damages for lost salary, benefits, bonuses, all N.Y.C. teaching licenses, and compensation to date of retirement as Plaintiff would have been entitled but for Defendants actions.

   3) For attorney fee, costs of court and reasonable expenses of litigation.

   4) Damages of total for sanctions issued on Defendants' 1st 11/26/94 fraud and/or sanctions issued on Defendants' explicit and/or implicit fraud[s] from among three 11/26/94 frauds.

   5) Pre-judgement interest.

   6) Such other relief as court deems just, adequate, and proper.

Respectfully submitted,

*Peter J. Malley*

Peter J. Malley, Pro Se
31 Maple Pl.
Clifton, N.J. 07011

Tel. 973-340-7148

Jan. 15, 2013